UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKA SENEGAL MUHAMMAD,<br><br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>C. KOENIG, Warden,<br><br>　　　　　Respondent. | Case No. 2:18-09359 VAP (ADS)<br><br>ORDER DISMISSING SECOND OR SUCCESSIVE FEDERAL HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABLITY |

**I.　INTRODUCTION**

Before the Court is Petitioner Shaka Senegal Muhammad's most recent attempt, in a series of prior federal habeas petitions, to challenge his 1991 state conviction and sentence.[1] The Court's review of PACER revealed that Petitioner has filed at least five

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

prior federal habeas petitions in this Court challenging his 1991 conviction. Moreover, Petitioner has not established, and PACER does not reflect, that he obtained the required Ninth Circuit Court of Appeals' authorization to file a second or successive federal habeas petition. Therefore, the instant petition is an improper second or successive petition which must be dismissed.

## II.     RELEVANT BACKGROUND

### A.     Several Prior Federal Habeas Petitions

Petitioner has repeatedly challenged his 1991 second degree murder conviction and sentence in this Court since 1994.[2] In 1994, Petitioner filed two federal habeas petitions, case numbers 94-2997 JGD (BQR) ("First Petition") and 94-7367 JGD (BQR) ("Second Petition"). The First Petition was denied in July 1995 and the Ninth Circuit affirmed the Court's decision in May 1999. The Second Petition was denied with prejudice in September 1995. In 1997, Petitioner filed his third federal habeas petition in this Court, case number 97-6443 JGD (BQR) ("Third Petition"), which was summarily dismissed as a successive petition. In 1999, Petitioner filed a fourth federal habeas petition in this Court to challenge the 1991 conviction, case number 99-7939 WDK (JWJ) ("Fourth Petition"). In the Fourth Petition, Petitioner admits that his previous challenge to the 1991 conviction in this Court was denied and that denial was affirmed by the Ninth Circuit. See 99-7939 WDK (JWJ), [Dkt. No. 3, p. 2]. Denying that petition without prejudice, the Court found that Petitioner had not obtained Ninth

---

[2] A PACER search reveals that Petitioner has concurrently been filing federal habeas petitions and civil cases in the Northern and Eastern Districts of California, as well as districts in Texas.

Circuit authorization to file the successive Fourth Petition. Id., [Dkt. No. 9].

In 2005, Petitioner filed a fifth habeas petition in this Court challenging the 1991 conviction,[3] case number 05-6542 AHM (JWJ) ("Fifth Petition"). The Fifth Petition was dismissed as untimely. 05-6542 AHM (JWJ), [Dkt. No. 28]. The Ninth Circuit subsequently denied Petitioner's request for a Certificate of Appealability. Id., [Dkt. No. 36]. In 2008, Petitioner filed a sixth federal habeas petition ("Sixth Petition"), which was denied as successive. 08-7903 VAP (JWJ), [Dkt. No. 7]. The Ninth Circuit denied Petitioner's request for a Certificate of Appealability following the denial of the Sixth Petition. Id., [Dkt. No. 12].

In 2011, Petitioner filed two more federal habeas petitions in this Court, case numbers 11-1515 VAP (OP) and 11-6160 VAP (OP) (collectively, "2011 Petitions"). In both actions, the Court found that the petitions were based on the same 1991 conviction and sentence as his prior petitions, Petitioner had not obtained Ninth Circuit approval to file successive petitions, and, as such, the Court lacked jurisdiction to consider the petitions on the merits. 11-1515 VAP (OP), [Dkt. No. 8]; 11-6160 VAP (OP), [Dkt. No. 3]. Therefore, the Court dismissed both petitions without prejudice to Petitioner's right to seek the necessary authorization from the Ninth Circuit. Id. The Ninth Circuit denied Petitioner's application to file a second or successive petition in case number 11-72442 and 11-72736.

**B.    The Instant Federal Habeas Petition**

On October 23, 2018, Petitioner constructively filed the instant Petition for Writ

---

[3] Petitioner filed other additional habeas petitions asserting challenges not related to his 1991 conviction.

3

of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). [Dkt. No. 1]. The Petition again challenges Petitioner's 1991 conviction and sentence for second degree murder and shooting at an occupied vehicle in Los Angeles County Superior Court, case number YA003421. [Id., p. 2].

On December 18, 2018, Respondent filed a Motion to Vacate Order Requiring Response to Petition ("Motion to Vacate") which argues that the instant Petition should be dismissed because it is a second or successive petition and the Court lacks jurisdiction to consider it since Petitioner failed to obtain Ninth Circuit authorization prior to filing. [Dkt. No. 5]. On January 15, 2015, the Court received Petitioner's "Motion for Opposition" in response to the Motion to Vacate ("Opposition"). [Dkt. No. 7]. Although Petitioner concedes that he has filed prior federal habeas petitions, he argues his current grounds for relief are based on a recent change in the law and thus asserts that the Court has jurisdiction. [Id., pp. 2-3].

### III. **DISCUSSION**

Absent Ninth Circuit Court of Appeals' authorization, Petitioner may not bring another habeas petition challenging his 1991 conviction and sentence. See 28 U.S.C. 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 152-53, 157 (2007) (holding district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit cord). Petitioner has been advised of this requirement in each of this Court's prior orders denying and/or dismissing his repeated successive petitions. Here, again, Petitioner has provided no evidence, and the Court's review of PACER does not reflect, that Petitioner obtained Ninth Circuit Authorization to file the instant Petition. Even though Petitioner alleges the instant petition is based on new, retroactive law, he is still required to seek and obtain Ninth Circuit

authorization prior to its filing. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, the instant Petition is an improper second or successive petition and the Court lacks jurisdiction to entertain it.

## IV. **CONCLUSION**

IT IS THEREFORE ORDERED that the Motion to Vacate is GRANTED. The Petition is denied and the case is hereby DISMISSED without prejudice. Judgment shall be entered accordingly.

## V. **CERTIFICATE OF APPEALABILITY**

The Court further finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dated: March 27, 2019

_____
HONORABLE VIRGINIA A. PHILLIPS
Chief United States District Judge

Presented by:

   /s/ Autumn D. Spaeth   
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge